Taft, J.,
concurring. As stated in the majority opinion:
‘ ‘ The contemplated improvement will consist of filling the present 60-foot width of Seymour avenue to the level of the established grade for that street, part of such width now being supporting banks, and the land acquired from the defendants is to furnish lateral support for the street. This appropriated land is to be graded into a sloping bank along the widened street, and no land not now subject to the established grade of Seymour avenue is to be used for street traffic purposes. The effect of the improvement will be the extension of the present street 20 feet closer to the remaining Snyder property, at the present grade and with supporting banks, the same as now exist.” (Emphasis added.)
As the majority opinion states, these “facts are not in dispute.” Likewise, these facts specifically appear from the plans, specifications and profiles approved by the resolution of the council declaring it necessary to make this improvement of Seymour avenue.
Paragraph two of the syllabus of Grant v. Village of Hyde Park, 67 Ohio St., 166, 65 N. E., 891, merely holds *103 that “the question of probable future grade of the street [here of the additional 20 feet taken for “supporting banks, the same as now exist”] is a proper subject of inquiry in the ascertainment of damages to the residue of the land.” Since there was no dispute on the facts as to the actual future grade of the 20 feet here taken, the rulings of the trial court, which are considered in the majority opinion and which as stated therein “limited recovery to the value of the land taken and the damages caused to the residue of the property by the act of appropriation in accordance with adopted plans,” were entirely consistent with paragraph two of the syllabus' of and the decision in the Grant case.